UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, Warden, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 19cv2428 AJB (WVG)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

On December 18, 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant Petition, however, is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his March 4, 2010 conviction in San Diego Superior Court case number SCD221955. On July 1, 2011, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case No. 11cv1488. In that petition, Petitioner challenged his March 4, 2010 conviction as well. On October 20, 2015, this Court denied the petition on the merits. *See Thomas v. Doe*, Case No. 11cv1488 AJB (KSC), Order (Oct. 20, 2015) [ECF No. 88]. Petitioner did not file a notice of appeal in that case until over four years later, on November 21, 2019. *See id.*, Not. of Appeal (Nov. 21, 2019) [ECF No. 90.] On December 17, 2019, the Ninth Circuit Court of Appeals dismissed Petitioner's appeal as untimely. *See Thomas v. Atchley, et al.,* No. 19-56384 (9th Cir. Dec. 17, 2019) [ECF No. 92].

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. *For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.*

**IT IS SO ORDERED**.

Dated: January 6, 2020

Hon. Anthony J. Battaglia
United States District Judge